UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUSTIN T. FODO,<br><br>                Plaintiff,<br><br>    v.<br><br>DOUG RICHARDSON, BRET FARRAR, OFFICER BABCOCK, JOHN DOES 1-4,<br><br>                Defendants. | No. C12-6028 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: May 10, 2013** |

Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, but failed to file a complete application to proceed *in forma pauperis* (IFP) or to pay the filing fee of $350.00. In addition, mail sent to Plaintiff by the Court has been refused and returned and Plaintiff has failed to provide the Court with his current address. Accordingly, it is recommended that Plaintiff's IFP application be denied and this case dismissed without prejudice for failure to prosecute.

**BACKGROUND**

Plaintiff filed his IFP motion on December 5, 2012. ECF No. 1. On the same day, he sent a letter to the Clerk stating that he had not yet been able to obtain a certified copy of trust account statement for the last six months. ECF No. 2. Plaintiff was given until January 4, 2013 to provide his trust account statement in support of his IFP motion. He did not do so.

On January 28, 2013, the Court ordered Plaintiff to submit a copy of his prison trust account statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his petition. The Court advised Plaintiff that if he was unable to obtain a certified copy of his trust account statement, the trust account statement

REPORT AND RECOMMENDATION - 1

provided to him by the Pierce County Jail would suffice to complete his application. ECF No. 4. Plaintiff was given a deadline of February 15, 2013 to complete his application or pay the filing fee. *Id.* On February 5, 2013 the Court's mailing to Plaintiff was returned, marked "Refused Unable to Forward." ECF No. 5.

## DISCUSSION

The court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an IFP application. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Several district courts have ruled that denial of IFP status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe,* 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex. 1977)*; U.S. ex rel. Irons v. Com. of Pa.,* 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton,* 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974)*; Ward v. Werner,* 61 F.R.D. 639 (M.D.Pa. 1974).

Local Rule CR 3(b) provides in relevant part:

At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:

(1) Complete the *in forma pauperis* affidavit approved for use in this district; and

(2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

REPORT AND RECOMMENDATION - 2

Plaintiff has failed to complete his IFP application or pay the filing fee. In addition, the Court's attempt to communicate with Plaintiff has been refused and marked "unable to forward." Plaintiff has provided no current mailing address to the Court. Rule 41(b)(2) of the Local Rules provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41, Local Rules W.D. Wash.

Accordingly, the undersigned recommends that this case be **dismissed without prejudice** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

Plaintiff's IFP application should be **DENIED** and that this action **dismissed without prejudice** for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 10, 2013,** as noted in the caption.

DATED this  22nd  day of April, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3